UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PIERRE TAYLOR, | : Case No. 3:23-cv-122 |
| Petitioner, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Karen L. Litkovitz |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION, | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner proceeding without the assistance of counsel, has filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, the return of writ, and petitioner's replies. (Doc. 11, 46, 49-51, 55).

For the reasons stated below, the undersigned recommends that the petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

**I. PROCEDURAL HISTORY**

**State Trial Proceedings**

On October 4, 2017, the Greene County, Ohio, grand jury returned a seven-count indictment charging petitioner with two counts of carrying a concealed weapon, two counts of domestic violence, and one count each of aggravated burglary, aggravated menacing, and assault. (Doc. 44, Ex. 1). Petitioner entered a plea of not guilty. (Doc. 44, Ex. 2).

At the close of the State's case, petitioner filed a motion for acquittal, which was granted as to one count of carrying a concealed weapon. On February 22, 2018, following a jury trial, petitioner was found guilty of the remaining charges in the indictment. (Doc. 44, Ex. 4).

On February 27, 2018, prior to his sentencing, and on March 12, 2018 petitioner filed pro se motions for a new trial. (Doc. 44, Ex. 5, 9). Petitioner, through counsel, also filed a motion to set aside verdict or for a new trial. (Doc. 44, Ex. 6).

On March 9, 2018, petitioner was sentenced to serve a total prison sentence of nine years in the Ohio Department of Rehabilitation and Correction. (Doc. 44, Ex. 8). The trial court denied petitioner's motions for a new trial on March 27, 2018. (Doc. 44, Ex. 11).

### Direct Appeal

Petitioner filed a notice of appeal to the Ohio Court of Appeals. (Doc. 44, Ex. 12). In his appellate brief, petitioner, through new counsel, raised the following five assignments of error:

   I.   Appellant's convictions were against the manifest weight of evidence as the State failed to prove beyond a reasonable doubt each and every element of the offenses upon which defendant was indicted and upon the Bill of Particulars provided by the State; therefore he was improperly convicted of aggravated burglary; carrying a concealed weapon; domestic violence as a first degree misdemeanor; aggravated menacing; and domestic violence as a third degree felony.

   II.  Appellant was denied due process of law as guaranteed by the 5th, 6th, and 14th Amendments to the U.S. Constitution and Article 1, § 10 of the Ohio Constitution for the following reasons:

   1. Counsel was ineffective when he failed to properly object to hearsay and failed to object to the use and admission of recorded conversations that were not properly authenticated;

   2. When the judge improperly instructed the jury that they could rely upon defendant's statements in recorded conversations with Christy Taylor as a consciousness of guilt;

   3. When the prosecutor improperly referred to the recorded conversation and suggested that the jury could infer defendant's consciousness of guilt from the conversations he had with Christy Taylor;

   4. When he was denied the right to confront his accuser, Brianna Worley,

2

       as to count VII in the indictment, Domestic Violence, as she did not testify at trial;

5. When evidence was improperly admitted and played for the jury where its prejudicial value outweighed its probative value in violation of Rule of Evid. 403(B);

6. When the judge improperly instructed the jury that they could rely upon defendant's statements in recorded conversations with Christy Taylor as a consciousness of guilt;

7. When the prosecutor improperly referred to the recorded conversation and suggested that the jury could infer defendant's consciousness of guilt from the conversations he had with Christy Taylor.

III. Defendant's constitutional rights were violated when he was convicted of Domestic Violence under an unconstitutionally overbroad statute, to wit, O.R.C. § 2919.25 wherein a family member is defined as a former spouse or child of a former spouse without regard to whether or not the individuals lived together or how long they have been separated.

IV. The jury erred when they found that Defendant had to forfeit the firearm specified as Count Three of the Indictment was dismissed for insufficient evidence and the only felony that could have been referenced in the forfeiture specification was count three as it was the only felony that related to a firearm.

V. Defendant's right [to] a speedy trial pursuant to O.R.C. § 2945.71 was violated when his defense counsel filed a Motion of Not Guilty by Reason of Insanity and requested a competency evaluation and a Motion to Suppress, all tolling events, against defendant's instruction otherwise.

(Doc. 44, Ex. 13 at PageID 463-65). On January 18, 2019, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 44, Ex. 15).

Petitioner did not appeal the decision to the Ohio Supreme Court.

**Application to Reopen**

On April 19, 2019, petitioner filed a pro se application to reopen his appeal pursuant to Ohio App. R. 26(B). Petitioner argued that his appellate counsel was ineffective for failing to

3

raise the following assignments of error on direct appeal:

> Appellant's due process right to effective assistance of counsel was violated where appellate counsel failed to raise obviously stronger winning issues – inter alia, Brady violations of prosecution – in addition to not thoroughly demonstrating the issues it did present, thereby violating Appellant's Fifth, Sixth and Fourteenth Amendment rights of the United States Constitution.

(Doc. 44, Ex. 16 at PageID 575). On June 27, 2019, the Ohio Court of Appeals overruled petitioner's application. (Doc. 44, Ex. 18).

Petitioner filed a motion for reconsideration (Doc. 44, Ex. 19), which was denied by the Ohio Court of Appeals on August 5, 2019. (Doc. 44, Ex. 22). Petitioner also filed a motion to reconsider/en banc consideration motion on August 23, 2019. (Doc. 44, Ex. 23). On November 13, 2019, the Ohio Court of Appeals denied the motion, concluding that Ohio App. R. 26(A) "does not contemplate successive motions to reconsider a denied application for reopening" and that petitioner raised "issues that this Court previously addressed, and they are barred by the doctrine of res judicata." (Doc. 44, Ex. 24 at PageID 754). The appeals court further determined that petitioner failed to establish that en banc consideration was necessary.

Petitioner did not seek further review in the Ohio Supreme Court.

### Post-Conviction Motions

Meanwhile, on August 23, 2019, petitioner filed a pro se petition to vacate or set aside judgment of conviction or sentence and, on September 20, 2019, a motion to supplement his petition to vacate. (Doc. 44, Ex. 25, 30). Petitioner also filed a motion for disclosure of exculpatory evidence/*Brady* material, a motion for a new trial due to newly discovered evidence, a motion to amend the motion for new trial, and a motion for leave to file a delayed motion for new trial. (Doc. 44, Ex. 28, 32, 34, 35). By order issued on December 10, 2019, the trial court

4

denied petitioner's motions. (Doc. 44, Ex. 38).

Meanwhile, on December 6, 2019, petitioner filed a motion to vacate a void judgment, which was denied by the trial court as untimely on January 16, 2020. (Doc. 44, Ex. 37, 39).

Petitioner appealed to the Ohio Court of Appeals from the trial court's December 10, 2019 and January 16, 2020 rulings. (*See* Doc. 44, Ex. 40, 42). Counsel was appointed to represent petitioner and the appeals were consolidated,[1] before the Ohio Court of Appeals affirmed the judgments of the trial court on May 14, 2021. (Doc. 44, Ex. 41, 43, 44, 51).

Petitioner appealed to the Ohio Supreme Court. (Doc. 44, Ex. 52, 53). On September 14, 2021, the Ohio Supreme Court declined jurisdiction over the appeal. (Doc. 44, Ex. 55).

**Averment of Jurisdiction**

On December 6, 2021, petitioner filed an "averment of jurisdiction" in the trial court. (Doc. 44, Ex. 56). On December 10, 2021, petitioner also filed a "mandatory judicial notice of affidavit of fact/motion to dismiss for lack of personal jurisdiction." (Doc. 44, Ex. 57). On January 7, 2022, the trial court denied the motions, noting they were untimely and barred by the doctrine of *res judicata*. (Doc. 44, Ex. 59).

It does not appear that petitioner appealed the judgment of the trial court. (*See* Doc. 44, Ex. 60).

**Federal Habeas Corpus**

On March 14, 2023, petitioner commenced the instant federal habeas corpus proceeding by filing two documents captioned "mandatory judicial notice." (*See* Doc. 1, 2). On March 27,

---

[1] Counsel for petitioner filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1977). (Doc. 44, Ex. 44). Petitioner also filed a pro se brief. (Doc. 44, Ex. 46).

2023, the Court issued a Deficiency Order, noting that it was unclear from petitioner's documents the relief sought from the Court and requiring him to submit a habeas corpus petition if he wished to challenge the constitutionality of his custody conviction or sentence. (Doc. 7). On April 21, 2023, petitioner filed a habeas petition, raising the following single ground for relief:

> **GROUND ONE**: I am being held as a corporate commodity.
>
> Supporting Facts: I've explained the facts in my filing labeled "mandatory judicial notice affidavit of fact/jurisdiction invocation/habeas corpus."

(Doc. 11 at PageID 108).

Respondent has filed a return of writ in opposition to the petition (Doc. 46), to which petitioner has replied (Doc. 49-51, 55). According to respondent, petitioner's ground for relief is time-barred, non-cognizable, and procedurally defaulted.[2]

## III. THE PETITION SHOULD BE DENIED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by

---

[2] Because the petition is time-barred, the Court need not consider respondent's alternate arguments in opposition to the petition.

> the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's ground for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner has failed to demonstrate that the factual predicate of his claim could not have been discovered through the exercise of due diligence prior to the close of direct appeal. Because petitioner was aware of the facts underlying his claims or the claims could have been discovered through the exercise of due diligence by the close of the direct review, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, under § 2244(d)(1)(A), petitioner's conviction became final on March 4, 2019, when the 45-day period expired for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' January 18, 2019 direct appeal decision. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court

7

expired"). The statute commenced running on March 5, 2019, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 5, 2020, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the limitations period ran for forty-six days—from March 4, 2019 until April 19, 2019—before petitioner filed his application to reopen his appeal, pursuant to Ohio App . R.

26(B). (*See* Doc. 44, Ex. 16). The limitations period was tolled until the Ohio Court of Appeals' November 13, 2019 decision denying petitioner's motion for reconsideration. (*See* Doc. 44, Ex. 24). At that time, petitioner's post-conviction motions were pending in the trial court. (*See* Doc. 44, Ex. 25, 28, 30, 32, 34, 35). The limitations period remained tolled until the Ohio Supreme Court declined jurisdiction of his appeal on September 14, 2021. (*See* Doc. 44, Ex. 55). The limitations period ran the remaining 319 days and expired on Monday, August 1, 2022. Because petitioner did not commence this federal habeas petition until March 14, 2023, more than seven months later, the petition is time-barred unless equitable tolling principles apply in this case.[3]

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test

---

[3] Petitioner's December 2021 motions filed in the trial court do not operate to toll the limitations period in this case because they were not "properly filed." (Doc. 44, Ex. 56, 57). As noted above, the trial court found the motions to be untimely. (Doc. 44, Ex. 59). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603. In any event, even if the limitations period were tolled during the thirty-two days—from December 6, 2021 until January 7, 2022—during which the motions remained pending, the petition is still untimely by six months.

9

has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 1,471 days to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.[4]

---

[4] To the extent that petitioner claims that the trial court lacked subject matter jurisdiction (*see* Doc. 1 at PageID 51) or that his conviction was void (*see* Doc. 49 at PageID 1509), his claims do not excuse him from the applicable limitations period. *See e.g.*, *Voyles v. Crow*, No. CIV-22-71-F, 2022 WL 949979, at *1 (W.D. Okla. Mar. 29, 2022) ("there is no exception to § 2244(d)(1)'s one-year statute of limitations for a habeas claim based on a trial court's alleged lack of subject matter jurisdiction"). *See also Allen v. Warden*, No. 1:12-cv-652, 2014 WL 29522, at *8 (S.D. Ohio Jan. 3, 2014) (Beckwith, J.; Litkovitz, M.J.) ("habeas petitioners cannot evade the AEDPA's statute of limitations by the simple expedient of arguing that the challenged conviction is void") (internal quotation marks and citation omitted) (collecting cases).

Finally, petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition be **DENIED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

11

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 12/2/2023

Karen L. Litkovitz
United States Magistrate Judge