THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PIERRE TAYLOR,

    Petitioner,

v.

DOUGLAS LUNEKE,

    Warden, Lebanon
    Correctional
    Institution,

    Respondent.

:
:
:
:
:
:

Case No. 3:23-cv-122

Judge Walter H. Rice

Chief Mag. Judge Karen L. Litkovitz

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #62), OVERRULING OBJECTIONS THERETO OF PETITIONER PIERRE TAYLOR (DOC. #64), AFFIRMING ORDER OF MAGISTRATE JUDGE OVERRULING PENDING MOTIONS AS MOOT (DOC. 63), AND OVERRULING PETITIONER'S APPEAL THEREFROM (DOC. #74); PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DOC. #11) IS DISMISSED WITH PREJUDICE; JUDGMENT SHALL ENTER IN FAVOR OF RESPONDENT DOUGLAS LUNEKE, WARDEN, LEBANON CORRECTIONAL INSTITUTION AND AGAINST PETITIONER; NO CERTIFICATE OF APPEALABILITY TO ISSUE; CERTIFICATION THAT ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND PETITIONER SHOULD NOT BE ALLOWED TO PROCEED ON APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

    On December 4, 2023, Chief Magistrate Judge Karen L. Litkovitz issued a Report and Recommendations (Doc. #62), recommending that Petitioner Pierre Taylor's Petition for Writ of Habeas Corpus (Doc. #11) be dismissed with prejudice as time-barred. Further, the Magistrate Judge recommended that Petitioner not be allowed to proceed *in forma pauperis* on appeal, and that this Court should certify to the United States Court of Appeals for the Sixth Circuit that any appeal would not be taken in good faith. (Doc. #62, PAGEID 1649-50). The Magistrate Judge also issued an Order

overruling Petitioner's pending motions as moot. (Doc. #63, PAGEID 1651, citing Motions, Doc. # 4, 12, 13, 15, 20, 22, 25, 28, 31, 37, 38, 53, 54, 56, 57, 60). On December 13, 2023, Petitioner filed timely Objections to the Report (Doc. #64). On December 14, Petitioner filed Notices of Appeal with respect to the non-dispositive Order (Doc. #65) and the Report. (Doc. #67). Those appeals were dismissed by the Sixth Circuit on January 10, 2024, for lack of jurisdiction. (Order, Doc. #70, PAGEID 1745-46). At that point, all matters in the case were returned to this Court.

The undersigned then issued a briefing schedule for Petitioner and Respondent Douglas Luneke, Warden, Lebanon Correctional Institution. (Order, Doc. #73). On January 29, 2024, Petitioner filed an Objection to the Magistrate Judge Order (Appeal, Doc. #74), and on February 2, the Warden filed his Response to the Objections to the Report (Doc. #75). The Warden did not file a response to Petitioner's Appeal, and the time for doing so has passed. (Doc. #73, PAGEID 1758-59).

I. **Legal Standards**[1]

As Petitioner's pretrial motions that were the subject of the Order were "not dispositive of [his] claim[,]" those motions were referred to the Magistrate Judge to "conduct the required proceedings and . . . issue a written order stating the decision." FED.R.CIV.P. 72(a). To appeal that decision to the District Judge, a party must "serve and file objections to the order within 14 days after being served with a copy." *Id*. "The district judge in the case must . . . set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

---

[1] The Report fairly set forth the factual background and procedural history. (Doc. #62, PAGEID 1639-43). The Court adopts that discussion and incorporates it by reference.

2

As "a prisoner petition challenging the conditions of confinement[,]" the Petition was referred to the Magistrate Judge pursuant to Federal Rule of Civil Procedure 72(b)(1), under which the Magistrate Judge "must enter a recommended disposition," and "a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b)(1-2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, provides "[a] 1-year period of limitation[]" for a habeas petition.

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A petitioner is entitled to equitable tolling of the statute "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). A

3

petitioner may also overcome the statute of limitations if he can make a credible showing of actual innocence: that, based at least in part on new evidence, it is "more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Souter v. Jones*, 395 F.3d 577, 597, 602 (6th Cir. 2005); *see also McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013) (affirming that new evidence is required for an actual innocence claim).

## II. Analysis

### A. Report and Recommendation

#### 1. Magistrate Judge's Report

As to the statute of limitations, the Magistrate Judge concluded that because: Petitioner had not alleged a state-created impediment to filing the Petition, his claim was not based on a new rule with retroactive applicability, and the factual predicates of his claim could have been discovered with reasonable diligence prior to the adjudication of his direct appeal, the statute of limitations began to run on the date his conviction became final. (Doc. #62, PAGEID 1645, citing 28 U.S.C. § 2244(d)(1)(A)). As Petitioner's conviction was affirmed by Ohio's Second District Court of Appeals on January 18, 2019, his conviction became final on March 4, 2019, after he failed to appeal the affirmance to the Supreme Court of Ohio within the forty-five day period prescribed. (*Id.*, citing *State v. Taylor*, 2d Dist. Greene No. 2018-CA-9, 2019 WL 259757 (Jan. 18, 2019); OHIO SUP.CT.PRAC.R. 7.01(A)(1)(a)(1)). Thus, the AEDPA statute of limitations "commenced running on March 5, 2019, the next business day after petitioner's conviction became final, and expired one year later on March 5, 2020,

4

absent the application of statutory or equitable tolling principles." (*Id.* at PAGEID 1646, citing FED.R.CIV.P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000)).

On April 19, 2019, forty-six days after the statute of limitations began to run, Petitioner filed his Application to Reopen Direct Appeal, which tolled the statute. (Doc. #62, PAGEID 1646-47, citing 28 U.S.C. § 2244(d)(2); State Court Record, Doc. #44, PAGEID 574). While the Application was pending, Petitioner filed postconviction motions in the Greene County, Ohio, Court of Common Pleas. The "limitations period remained tolled until the Ohio Supreme Court declined jurisdiction of his appeal on September 14, 2021." (*Id.* at PAGEID 1647, citing Doc. #44, PAGEID 1346). Starting the next day, "[t]he limitations period ran the remaining 319 days and expired on Monday, August 1, 2022. Because petitioner did not commence this federal habeas petition until March 14, 2023, more than seven months later, the petition is time-barred unless equitable tolling principles apply in this case." (*Id.*).

The Magistrate Judge then concluded that equitable tolling under *Holland* did not apply, for three reasons. *First*, that Petitioner waited 1471 days between the date of his conviction becoming final to file the instant Petition, rather than protectively filing a petition in federal court, then seeking to hold that petition in abeyance while he exhausted state court claims, showed a lack of diligence in protecting his rights. (Doc. #62, PAGEID 1648, quoting *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). *Second*, "[P]etitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner." (*Id.*). *Third*, while Petitioner claimed that the trial court lacked jurisdiction and that his underlying conviction was void, these arguments "do not excuse him from the applicable limitations

5

period." (*Id*. n.4, quoting *Voyles v. Crow*, No. CIV-22-71-F, 2022 WL 949979, at *1 (W.D. Okla. Mar. 29, 2022); *Allen v. Warden*, No. 1:12-cv-652, 2014 WL 29533, at *8 (S.D. Ohio Jan. 3, 2014) (Beckwith, J.; Litkovitz, Mag. J.)). In light of the above, and because Petitioner had not made a showing of actual innocence, the Magistrate Judge recommended that the Petition be dismissed with prejudice as time-barred. (*Id*. at PAGEID 1649, quoting *McQuiggin*, 569 U.S. at 399).

### 2. Objections and Analysis

While his filing is not a model of clarity, Petitioner does appear to raise several objections to the Report. At various points in the Objections, Petitioner reiterates his arguments that the trial court lacked subject-matter jurisdiction, the verdict against him was based on perjured or otherwise fraudulent testimony, and the initial judgment against him was void. (*See, e.g.*, Doc. #64, PAGEID 1652-53, 1657, 1674-75, citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Those arguments are unavailing, because Petitioner does not explain why the general law that lack of jurisdiction and a void judgment do not excuse untimely filing are inapplicable to the instant Petition.

Additionally, Petitioner raises two principal arguments as to why he was not able to file the Petition in a timely manner. *First*, the COVID-19 pandemic caused the law library at the prison to close, making it impossible for him to do the research and writing necessary to file the Petition on time. *Second*, Petitioner claims that the state court fraudulently imposed a vexatious litigator bar on him, which prevented him from exhausting his state court claims. (Doc. #64, PAGEID 1661-62, 1666). However, Petitioner is raising these arguments for the first time in the Objections; he did not mention either issue in his Petition, and mentions a vexatious litigator bar only in

6

passing in his Traverse: "I tried to exhaust all my remedies and have been denied the right to do so. They would not file a lot of my filings, they filed a fraudulent suit against me to declare me a vexatious litigator so I could not expose them." (Doc. #49, PAGEID 1510). Petitioner does not state who "they" is, when and where they filed suit against him, what the outcome was, or how a *state* vexatious litigator bar prevented him from filing a timely *federal* habeas petition. Because he did not raise these arguments in the initial briefing, he cannot raise them now. (Doc. #75, PAGEID 1813, citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Petitioner further claims that he did not know that he could file a habeas petition before the state court finished adjudicating his claims. (Doc. #64, PAGEID 1666). This argument, even if properly raised, is meritless. Petitioner's *pro se* status does not excuse him from knowing and following the proper procedure, which was for him to file protectively a habeas petition in this Court, then ask that the petition be held in abeyance while he returned to state court to exhaust the remaining state claims. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has not raised any argument that would lead this Court to doubt the Magistrate Judge's conclusion that Petitioner has not shown both due diligence and that some extraordinary circumstance prevented his timely filing. (Doc. #62, PAGEID 1648). Thus, Petitioner is not entitled to equitable tolling, and his Petition is time-barred.

In an attempt to get around the time-bar, Petitioner raises several arguments as to his actual innocence, stating that "[h]ad the jury known of the perjury like discussed above they would have come back with guilty verdicts they couldn't[;] I was convicted on different sworn facts than the sworn facts that led to the conviction." (Doc. #64,

7

PAGEID 1668; *see also id*. at PAGEID 1674-75 (arguing that but for the perjured testimony offered by the State, the jury could not reasonably have found that Petitioner used the identified firearm in the commission of a violent felony). The above is nothing but a rehashing of Petitioner's previous arguments that his conviction was the product of fraud by the State of Ohio and its witnesses. Petitioner does not attempt to make the required actual innocence showing that, *in light of new evidence*, "it is more likely than not that no reasonable juror would have convicted him[.]" *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *accord*: *Souter*, 395 F.3d at 590, quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("actual innocence means factual innocence, not mere legal insufficiency."). Accordingly, Petitioner cannot circumvent the statute of limitations.

On February 8, 2024, Petitioner filed a Reply in support of his Objections. (Doc. #76). No such filing was contemplated by the Court's January 19, 2024, Order (Doc. #73), Petitioner did not request or obtain leave to file, and Rule 72(b) does not provide for replies. *Shophar v. Gyllenborg*, No. 18-2125, 2019 WL 4843745, at *2 (6th Cir. Apr. 19, 2019); *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 593 F. Supp. 3d 737, 745 (S.D. Ohio 2022) (Cole, J.) ("Rule 72(b)(2) contemplates that the non-objecting party should have the final word in briefing"). Nonetheless, mindful of Petitioner's *pro se* status and out of an abundance of caution, the Court has reviewed the substance of the Reply. Therein, Petitioner largely reiterates his arguments from previous filings that the trial court lacked jurisdiction and that his conviction was the product of fraud, specifically, perjured testimony offered by the State. (*See, e.g.*, Doc. #76, PAGEID 1818-20). Those arguments, when raised before, did nothing to explain why equitable tolling should apply and were not new evidence in support of an actual innocence claim;

8

they are just as unavailing when raised here. Even assuming *arguendo* that these arguments were substantively meritorious, the AEDPA statute of limitations precludes him from raising them here. Consequently, the Petition must be dismissed with prejudice.

    **B.    Order**

The Magistrate Judge overruled Petitioner's pending procedural motions because the Report recommended that a judgment on the merits be entered against Petitioner, rendering his remaining motions moot. (Doc. #63, PAGEID 1651; *see also Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003), *abrogated in part on other grounds by 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) ("dismissal for failing to comply with a statute of limitations is a decision on the merits")). In his Appeal, Petitioner does not argue that the motions are somehow viable with the Petition dismissed; nor could he reasonably so argue. As the Magistrate Judge's Order was not clearly erroneous or contrary to law, Petitioner's Appeal is overruled.

**III.    Conclusion**

For the foregoing reasons, the Court states the following:

1. The Magistrate Judge's Report and Recommendations (Doc. #62) is ADOPTED;

2. Petitioner's Objections to the Report (Doc. #64) and Appeal from the Order dismissing his procedural motions (Doc. #74, citing Doc. #63) are OVERRULED;

3. The Petition (Doc. #11) is DISMISSED WITH PREJUDICE;

4. Judgement shall enter in favor of the Warden and against Petitioner;

5. The Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. §

9

      2253(c)(2), and that the result reached herein would not be debatable among reasonable jurists;

6.    Petitioner is denied a certificate of appealability; and

7.    The Court certifies that an appeal from the instant judgment would be objectively frivolous, and Petitioner should not be permitted to proceed on any such appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

February 20, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT